IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

SAUNDRA BROWN

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

)
)
)
)
)
)
)
)
)
)

Civil Action No. TMD 11-1063M

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Saundra Brown  ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g)

for judicial review of the final decision of the Commissioner of the Social Security

Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB")

and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act,

42 U.S.C.§§ 401-433, 1381-83(c).    Before the Court are Defendant's  Motion for Summary

Judgment (Def's Mot. Summ., ECF No. 16-1), Plaintiff's Motion for Summary Judgment (Pl.'s

Mot. Summ., ECF No. 33) and Defendant's Reply in Support of its Motion for Summary

Judgment. (Def.'s Reply, ECF No. 34).[1] No hearing is deemed necessary.  Local Rule 105.6 (D.

Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is

GRANTED.

_____

[1] On July 6, 2011, the Court entered a Scheduling Order directing the Plaintiff to file her motion for summary
judgment by September 9, 2011.  She failed to do so and the Commissioner proceeded in accordance with that Order
filing its Motion for Summary Judgment on November 4, 2011.  Plaintiff was informed by the Clerk of the Court
that she had a right to file a response within 17 days of  November 17, 2011.  After multiple extensions, Plaintiff

## I.  Procedural History

Plaintiff filed her applications alleging disability since May 1, 2005 due to lumbar strain.

R. at 130.   Her claims were denied initially and on reconsideration.  R. at 45-48, 52, 59-70.  On

April 13, 2009, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff

and a vocational expert ("VE") testified.  R. at 10-43.  Plaintiff was represented by counsel.  In a

decision dated September 2, 2009, the ALJ denied Plaintiff's request for benefits.  R. at 49-58.

The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final

decision subject to judicial review.  R. at 1-3.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set

forth in 20 C.F.R. § 404.1520, § 416.920.   At the first step, the ALJ determined that Claimant

had not engaged in substantial gainful activity since her alleged onset date.  At step two, the ALJ

determined that Claimant suffered from the following severe impairments: lumbar and cervical

strain.  At step three, the ALJ found that her impairments did not meet or equal the Listings of

Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that,

given her Residual Functional Capacity ("RFC"), Plaintiff was capable of performing her past

relevant work.  Accordingly, he concluded that Claimant was not disabled.  R. at 49-58.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards.

---

filed her motion on July 2, 2012 to which the Commissioner replied on July 12, 2012.

42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)).   It is more than a scintilla, but less than a preponderance, of the evidence

presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).   It is such evidence that a

reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal

to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v.*

*Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).   This court cannot try the case *de novo* or

resolve evidentiary conflicts, but rather must affirm a decision supported by substantial

evidence.  *Id*.

## IV. Discussion

In her memorandum Plaintiff argues that the evidence in the record supports a finding of

disability and directs the Court's attention to her own testimony at the hearing as well as the

testimony of the vocational expert.  Pl.'s Mot. Summ., ECF No. 33 at 3-4.  In addition, she

submits additional medical evidence which she also asserts supports a finding of disability.  For

the reasons discussed below, the Court finds that the ALJ's findings are supported by

substantial evidence.

### A.    Hearing Testimony

Plaintiff recounts her own testimony at the hearing at which she testified, among other

things, that she cannot walk, stand or sit for long periods of time, that her pain is at a level 10 at

times, and that it interferes with effectively all of her daily activities including her ability to focus. *See, e.g.,* R. at 30-34. Plaintiff's counsel asked the VE whether any clerical work would be available for an individual who was required to nap throughout the day to which he Plaintiff suggests he responded no. R. at 38.[2]

The ALJ addressed Plaintiff's allegations of pain and wanting to sleep in his opinion. Specifically, he indicated that:

> [c]urrently, the claimant is working 35 hours per week as a clerical work via a temporary employment agency [R. at 16-17]. Despite her allegations of wanting to sleep during the day and being in constant pain, she has not missed any days of work and is not receiving any special accommodations because of her impairments.

R. at 56-57. The Court conducted a thorough review of the medical records[3] and fully considered Claimant's allegations of pain and fatigue and properly found that they were not supported to the extent alleged. R. at 55-57. Claimant alleged her impairment was due to an injury occurring in August, 1994. R. at 181; Pl.'s Mot. Summ., ECF No. 33 at 4. The ALJ considered the medical evaluation of Dr. Neil Speigel who opined in November, 1995 that Plaintiff's lumbar strain was a "minor impairment" with only a 5% chance of permanency. R. at 56, 181. Between February, 2004 and November, 2005, the records reflect that Plaintiff was

_____

[2] The record actually does not reflect an answer from the VE to this question. However, for this sake of this opinion, the Court will assume it was no.

[3] The Court notes that the medical records in this matter are not voluminous. Despite indications that additional records would be submitted concerning Plaintiff's allegations of carpal tunnel syndrome, R. at 19, 21, 30-32, no such evidence was submitted and the record otherwise does not contain medical evidence to substantiate such an impairment as the ALJ found. R. at 56 (ALJ noting that despite holding the record open for 60 days after the hearing, no evidence of carpal tunnel syndrome were submitted). Plaintiff did submit an additional document to this Court that did reference carpal tunnel syndrome. Pl.'s Mot. Summ., ECF No. 33-1 at 12. This evidence is

seen at Kaiser Permanente complaining of knee, neck and lower back pain.  R, at 182-96.  The

ALJ considered such evidence noting that physical therapy, home exercises and medication

seemed to ease her overall pain.  R. at 56, 185-87, 188-94.  The ALJ also considered a

consultative examination performed on October 3, 2006 at which time the evaluation of Brian

Kim, D.O. revealed minor restriction in the lumbar spine and peripheral joint and no focal

deformities or swelling.  R. at 199. He indicated diffuse muscle manual testing and weakness in

the lower extremity 4/5 due to pain in the lumbar spine and mild weakness in the right hand

grip. *Id.*  Regarding function, Dr. Kim opined that Claimant should be able to tolerate up to 50

to 90 minutes of sitting, standing or walking, carrying limited to 25 to 40 pounds, handling

objects unaffected as well as traveling and speech.  No assistive device needed for ambulation

or weight bearing.  *Id.* at 199-200. *See also* R. at 57 (ALJ noting findings of state agency

medical consultants finding claimant's impairments non-severe).

All of this evidence discussed by the ALJ supports his RFC finding that Plaintiff was

capable of a full range of sedentary work. R. at 55.  Plaintiff does not assert that the VE's

description of her past relevant work as sedentary, semi-skilled was flawed.  R. at 37.  Nor does

the Court find any error there.

B.      Additional Evidence

In connection with her Motion for Summary Judgment, Plaintiff submits evidence that

was not before the ALJ or the Appeals Council. Pl.'s Mot. Summ., ECF No. 33-1.  Notably,

Plaintiff does not expressly request remand pursuant to sentence six of 42 U.S.C. § 405(g)

_____

discussed below.

which provides for remand when evidence is submitted for the first time at the court level. Nevertheless, the court has considered whether such a remand is warranted and finds that it is not.

Social Security regulations allow two types of remand. Under the fourth sentence of 42 U.S.C. § 405(g), the court has the general power to affirm, modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development of the evidence. *Melkonyan v. Sullivan,* 501 U.S. 89, 97, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. *Melkonyan,* 501 U.S. at 97. The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. *Id.* at 98.

In order to justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir.1985) superseded by statute, 42 U.S.C. § 405(g), as recognized by *Wilkins v. Sec 'y, Dept. of Health and Human Servs.,* 925 F.2d 769 (4th Cir.1991).[4]  In *Borders,* the Fourth

---

[4] Although the court in *Wilkins* indicated in a parenthetical that *Borders'* four part test had been superseded by 42 U.S.C. § 405(g), the Fourth Circuit has continued to cite *Borders* as the authority on the requirements for new evidence when presented with a claim for remand based on new evidence, and the U.S. Supreme Court has not suggested that the *Borders* construction of § 405(g) is incorrect. *See Washington v. Comm'r of Soc. Sec.,* 2009 WL 86737 at *5 (E.D.Va.2009); *Brock v. Sec 'y of Health & Human Servs.,* 807 F.Supp. 1248, 1250 n. 3 (S.D.W.Va.1992). Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent *Borders* inquiry. *See Bolin v. Astrue,* No. 2:09–cv–00117, 2010 WL 1176570 (Mar. 23, 1010 S.D.W.Va..).

Circuit held that newly discovered evidence may warrant a remand to the Commissioner if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence. *Borders,* 777 F.2d at 955.  Plaintiff has the burden of proving that these requirements are satisfied.  The burden of demonstrating that all of the Sentence Six requirements have been met rests with the plaintiff. *Overcash v. Astrue,* No. 5:07CV–123–RLV, 2011 WL 815789, *3 (W.D.N.C. February 28, 2011).

The Court need not engage in an analysis of all four criteria as it is readily apparent that the evidence submitted is not material.  Evidence is not material if it does not relate to the time period that was before the Commissioner. *See Edwards v. Astrue,* 2008 WL 474128, at *9 (W.D.Va. February 20, 2008) ("The [new records] do not relate back to the relevant time period as they were both done over 6 months after the ALJ rendered his decision.").  Here, Plaintiff alleged disability beginning on May 1, 2005.  R. at 15.  The ALJ's decision is dated September 2, 2009 and therefore evidence not relevant to this time period is not be material.

Plaintiff submits a 1992 MRI showing straightening of her cervical spine and a bulge disc.  Pl.'s Mot. Summ., ECF No. 33-1 at 6.  Clearly, evidence approximately 13 years prior to her alleged onset date is not material.  Moreover, the ALJ found that Plaintiff indeed suffered

from lumbar and cervical impairments, R. at 55, and the MRI from 1992 does not provide

evidence that Plaintiff would be precluded from sedentary work during the relevant time period.

Similarly, the submission of a December 1996 medical evaluation also would not alter the

ALJ's findings particularly given the more probative evidence in the record which was relevant

during the period in question.  Pl.'s Mot. Summ., ECF No. 33-1 at 7.   *See, e.g.* R.at 197-200

(October 2006 consultative examination discussed *supra* at 5).

Finally, Plaintiff submits evidence relating to her worker's compensation award for

various periods from August, 1994 through April, 1995 (significantly, less than the one year

durational requirement for disability benefits).  Pl.'s Mot. Summ., ECF No. 33-1 at  1-5.  Again,

this evidence is simply not material as it far predates the relevant time period.

Plaintiff also submits evidence that post-dates the ALJ's decision of September 2, 2009.

R. at 49, 58.  In order to be relevant, this evidence must relate back to the time period before the

ALJ.  *See Camano v. Astrue*, Civil No. 3:09CV199.2010 WL 62984 at * 8 (E.D. Va. Feb. 19,

2010)  ("New evidence must relate to the determination of disability at the time the application

was first filed, and it must not concern evidence of a later-acquired disability, or of the

"subsequent deterioration of the previously non-disabling condition.") (citations omitted).

Plaintiff submits a December 23, 2010 report at which time she complained of lower

back pain which she complained had been getting worse.  She was referred for a MRI of the

lumbar and cervical spine.  Pl.'s Mot. Summ., ECF No. 33-1 at 16-17.  The report contains only

a recitation of Plaintiff's subjective complaints and does not include any findings upon

examination.  There is nothing to support a finding that even assuming there was a worsening

pain condition, that it related back to the relevant time period. Similarly, the Court simply cannot find that the February 3, 2011 medical source statement based on an examination of that date relates back to the relevant time period. Nowhere does Dr. Abulfarg who authored the report opine that the limitations expressed in the report existed on or before September, 2009. Nor are there any treatment notes to report this to be the case. Pl.'s Mot. Summ., ECF No. 33-1 at 13-15. *See Wolfe v. Astrue*, Civil Action No. 3:06-0475, 2009 WL 1176449 at * 5 (S.D. W. Va. April 29, 2009) ("The Court agrees with the Commissioner. The reports, completed in 2006, 2007 and 2008, all dealing with plaintiff's right lower extremity, in no way indicate they are retrospective in nature and clearly do not apply to plaintiff's condition from April 1, 2001 through February 9, 2004, the date of the administrative law judge's decision. The new evidence does not, therefore, meet the relevance requirement."); *Mann v. Astrue*, Civil Action No. 5:07-00201, 2008 WL 906346 at *18 (S.D. W. Va. Mar. 31, 2008) (". . . the evidence is dated well after the date of the ALJ's decision and the Appeals Council's denial of review in the instant case. The Court is unable to say that it is entirely relevant because there is no indication that it relates back to the time period under consideration before the ALJ.").

Finally, Plaintiff has submitted a few pieces of evidence that do relate to the relevant time period. However, the Court cannot find any of this evidence to be material as the Court does not find that the ALJ's decision "might reasonably have been different" had the new evidence been before him. For example, Plaintiff submits an August 22, 2005 letter from the Maryland State Department of Education indicating that she was a participant in the DORS Vocational Rehabilitation program as well as a February 13, 2007 letter from the Jewish

Council for the Aging indicating that she was participating in a training program and was not an employee. Pl.'s Mot. Summ., ECF No. 33-1 at 10-11. There is no specific information, including objective medical evidence, indicating the extent of Plaintiff's limitations in this evidence. The Court does not find it is material.

Plaintiff also submits a progress note dated December 16, 2008 from Dr. Neil Green, an orthopedic surgeon indicating the following diagnoses: (1) acute cervical spine strain, moderate; (2) acute dorsal spine strain, moderate; (3) sternocostal strain/contusion; (4) contusion about the right ribs; (5) acute lumbosacral spine strain, moderate; and (6) contusion about the right pretibial region. Pl.'s Mot. Summ., ECF No. 33-1 at 12. Again, the Court cannot find any of this evidence to be material as the Court does not find that the ALJ's decision "might reasonably have been different" had the new evidence been before him. In fact, Dr. Green's findings which indicated some limited range of motion and tenderness are largely consistent with the findings of consultative examiner, Dr. Kim, *see* discussion at *supra* 5, R. at 198-99, as well as the ALJ's RFC that Plaintiff was capable of performing sedentary work.

Finally, Dr. Green's single reference to Plaintiff's carpal tunnel syndrome also does not necessitate a remand. Pl.'s Mot. Summ., ECF No. 33-1 at 12. As the Commissioner points out, there is no evidence of significant functional limitations related to this impairment and Plaintiff herself testified that she did not have any physical therapy related to this condition and worked 35 hours per week doing data entry. R. at 21-22.

V. <u>Conclusion</u>

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A

separate order shall issue.


Date: January 28, 2013

_____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge


Saundra Brown
13017 Wisteria Drive
Germantown, MD 20874


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692